The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Oyez! Oyez! Oyez! All right, I'll call the first case this morning, the United States v. Jackson and Mr. Childers. Whenever you're ready, we'll hear from you. Good morning. May it please the Court. Andrew Childers on behalf of Appellant Richard Jackson. We're here today on the appeal of the denial of Mr. Jackson's successive... We're across the room, so you'll want to speak as you're talking to the back of the class. Yes, sir. We're here today on the appeal of the denial of Mr. Jackson's successive 2255 motion. And this case really boils down to two questions, and those two questions are whether federal first-degree murder under 18 U.S.C. section 111-1A qualifies as a crime of violence under the force clause, and the same question for the aggravated sexual abuse statute in federal law. And neither of these statutes qualify under the limited definition of the force clause, and that's because neither requires the use of force against the person or property of another as an element of the crime. And that's because both statutes are written broadly to encompass a wide array of conduct that the federal government is interested in punishing, and the force clause only covers a narrow class of crimes. Murder is not a crime of violence because first-degree murder encompasses felony murder. As we know from the recent United States Supreme Court decision in Borden v. United States, a crime of violence requires a mens rea greater than recklessness, and felony murder can be committed even accidentally. And the fact that felony murder can be committed accidentally means that it does not require the level of mens rea required of a crime of violence under the force clause. So you're allowing the Borden case? Is that what you think saved you? The Borden case, I think the Borden case is directly on point here. I think even before the Borden case, the Fourth Circuit, this court's precedent was aligned with Borden and recognized that there had to be a heightened mens rea. I thought the court in Borden said murder was the quintessential crime of violence. There is dicta in Borden that says that. Well, they said it. I mean, you know, it's not the holding of Borden. The holding of Borden focuses on recklessness, but distinct from that discussion of recklessness, it made a comment that murder was a quintessential crime of violence. And I think that's right in the sense that we normally understand murder, but we have to look at the specific murder statute at issue in this case. But it could be committed in different ways. Don't we get to look at the different ways? Well, I think... Isn't this divisible? Again, yes. The government does not argue that felony murder is a crime of violence. The government argues that the statute is divisible. Well, why don't you address that argument? Of course. So the statute is not divisible. It's an indivisible statute of first-degree murder because ever since the common law, felony murder has been understood to be one way of supplying the heightened mens rea necessary for murder. And the common law was incorporated into the federal murder statute along with several other states. And the United States Supreme Court discussed this in Shad v. Arizona. And Shad v. Arizona is the closest case we have. It's not directly on point. It doesn't address the divisibility of the federal murder statute, but it addresses a very similar statute. And what it says is that these murder statutes in the majority of states and the federal murder statute were written to incorporate the common law. And the common law understanding and the understanding of the law in 11 out of 12 of the 12 state statutes discussed in Shad is that felony murder is a means of committing first-degree murder. But if you were talking to a jury, instructing a jury about what to find under felony murder, you would not need to say that the killing was premeditated. You would only need to say that the killing was committed in perpetration of arson or escape. But if you were instructing the jury on the first thing, you would have to say the person premeditated. It was a premeditated killing, which is a different element. And so the elements are clearly, the first line is perpetrated by A, B, C, and D, and willful, deliberate, malicious, and premeditated killing. So the premeditated aspect is necessary for that definition of murder, but it is not necessary for the felony murder. So wouldn't we divide it then into two, because it has different elements, divide it into two crimes? Well, I think that the key distinction is whether a jury is required to find what I would describe what you just... But here the jury did find. It was given alternatives. It found all of them against your client. That's true, but initially, actually the way the jury was instructed in this case is... They did a good job, but that jury verdict form looked really like... Illustrative of Judge Niemeyer's question in that the jury was initially, for the 924C general verdict finding, the elements of felon was instructed on both felony murder and premeditated murder, and it was not required to make a unanimous finding on one way or the other. And that's the key issue here. Sure, a jury can be instructed on different means of finding a certain element, but for federal first-degree murder, there is a heightened mens rea element that takes the murder from general, you know, second-degree murder into a heightened category of first-degree murder with an additional mens rea element. And Shadd makes clear that that additional element is all the ways of committing first-degree murder listed in the statute. A jury does not... Well, I think the question that I thought we were asking you to address is whether it's divisible, and one way to look at whether it's divisible is whether the different components have different elements, as opposed to different means. And I was just asking you the question of when I'm now looking at 1111A, the first component requires premeditation. The second component does not, but it requires something else, the perpetuation of arson or escape or whatever the crimes are listed. So the first one doesn't require showing a perpetration of arson. So the elements are different, and it seems to me that would be one of the ways to determine whether to divide a statute, isn't it? Well, so the key distinction between elements and means is what has to be found beyond a reasonable doubt unanimously by a jury, and those are different... That sort of begs the question. If it is a different element, then you're going to have... Each element has to be found by a jury, but the question is to look at the statute and determine whether there are different elements for the different components. Would you agree those are elements? No. I believe they're different means of committing the heightened...of supplying the heightened mens rea... Do you agree that that's the biggest issue in this case? Yes, I do agree with that. Whether this statute is divisible or not. Yes, that's right. I do believe that the biggest issue in this case is whether the first-degree murder statute is divisible or not. Okay, and so explain to us now why it isn't divisible. It's not divisible because in Shad, the Supreme Court said a very similar, almost identical first-degree murder statute said that it was okay for a jury to convict a first-degree murder without unanimously agreeing on a felony murder means or a premeditated murder means. Here they did agree. In Shad? Here they did agree. We know that, whether we can look at it or not, but we know that because that's what the verdict was. Well, that's true. They agreed on the verdict unanimously, and they agreed in the verdict as to each of these subparts unanimously. That's what the verdict says. That's true, but we're not talking about what the jury unanimously...  No, but that's right, and that's what Judge Mox asked you, but you said they weren't required to agree, and they were required to agree, and they did agree unanimously that this was a premeditated murder. The question is whether we can look at it under the law, and that is whether it's divisible or not. You can only take a peek at the... There's no question that they found that it's a premeditated murder, and they found it unanimously. That's no question, but you can only take a look at the verdict forms, in this case, for the limited... That's what you have to convince us of, that we can't look at that verdict form. No, and that's right, and you can't look at that verdict form because you can only look at it for the determination of whether the statute in general is divisible or indivisible, and to make that determination. Once you make that determination, then you go back to the categorical approach and analyze this case under whatever decision you make with regards to whether it's divisible or indivisible, and I would say... I heard those words, but I didn't understand how that related to this case. In other words, what do you propose that we are supposed to be doing if we're trying to decide whether this statute is divisible and whether it was properly applied in this case, or under a divisible statute, the jury properly found first-degree murder? The first thing you look at to determine if the statute is divisible or indivisible is the text of the statute, and the next thing is the decisional law, and I think Shad makes clear that this kind of first-degree murder statute is indivisible because this kind of first-degree murder statute lists means and ways of committing first-degree murder rather than separate elements, and the Supreme Court said as much in Shad. The Supreme Court cited Shad in Mathis when it was discussing what are means, and just yesterday this court cited Shad for the concept of this distinction between means and elements of a crime. They had an ACCA case, Fitton, that came out yesterday. Yes, that's right. The Wooden case. And you think that helps you? Well, I think it cited Justice Scalia's concurrence in Shad that, you know, and he said it's long been recognized that even when there are different ways or means of committing a single crime, the jury does not have to agree on the way the crime was committed. It just has to agree that the crime was committed. But that sort of begs the question. We know if it's different means. The Supreme Court said you can commit a single crime by different means. But when there's different elements for commission of crimes, they said that that makes it divisible. And if you charged, in this case, if you charged a defendant with killing someone while attempting to commit arson, that would be a felony murder charge. You wouldn't need to show premeditation. You would have to show an attempt to commit arson, and you'd have to show a killing. But if the government charged the defendant with premeditated killing with malice aforethought, they wouldn't allege the arson, and they would have to allege premeditation, which are different elements to be proved by the government. In response to that, I think the hypothetical, which actually happened. Well, I'm trying to focus on the statute. I just really restated the statute. Well, it's also possible to charge a defendant generally with a violation of murder, first-degree murder under the statute, and to instruct a jury on both felony murder and premeditated murder. Well, the charge just cites the statute. You'd charge them with all three of the alternatives, and you would instruct the jury, and you would give them the verdict form with the interrogatory as to each of the three alternative elements, sub-elements, or whatever you want to call them, or means. You're saying they're means, and that's what you need to say. But then the jury could say no on premeditation, and yes on felony murder, or yes on aggravated sexual assault, or no, whatever. But here they said yes as to all of them, each of them. Not just generally all of them, but each of them. Not in the verdict form. They said each. And so the jury found unanimously he committed a premeditated murder. And the facts are, it's a terrible, terrible situation. It gives rise to all this. Yes, Your Honor, but we know the facts are irrelevant in this categorical approach. But they're here. They're in this record. These cases have been here before. Yes, Your Honor, but the findings that you keep mentioning are the special verdict form, the second sheet of the verdict forms. The first verdict sheet, the general verdict sheet, follows the indictment in this case. The indictment in this case charged Mr. Jackson only with murder generally. It did not select. That charges him with all three. And that charges him with all three parts. But in this case. And you charge basically in the conjunctive. You give him notice. But then you instruct in the alternative and ask the jury specifics. And they made a perfect jury for him here, I think. And they asked him each question. And the jury answered him all against your client. The Supreme Court has said in this comp that generally if a statute lists elements, a prosecutor has to choose which one of the elements it is charging under. They charged under all of them. They charged under all of them and the jury found under all of them. They charged under first degree murder generally. They charged under the murder statute generally. And if you look at the instructions on page 1244 and 1246-47, we have two findings in this case. We have a 924C finding and a 924J finding. And for the 924C finding, the jury was instructed the way the instructions read in this case. They did not have to agree unanimously on felony murder or premeditated murder. They were instructed on both. And the element of murder, the judge said that you have to find that it was either premeditated or committed in the course of a felony. And then the finding related to those instructions are on that first page, the general verdict form in this case. And it's a general finding, not of any specific kind of first degree murder. It's a finding of first degree murder generally. And they found specifically that it has to each of them and they said yes. It is true that the jury was absolutely specifically and they found that entire verdict unanimously. And that's related to the 924J instructions. The finding, because to be convicted of 924J, it has to be a death occurring during the commission of a 924C. But all that comes down, you have to convince us there's alternative means rather than alternative elements. That's right. If there are alternative elements, you lose. If there are alternative means, you may be entitled to something. If there are alternative means, we certainly win. If there are alternative elements, it's more difficult for us to win, but we still win because the Shepard documents have to speak plainly and establish with certainty, as the Supreme Court has said in Mathis all the way back to Taylor, it has to be absolutely clear from the Shepard documents that the statute is divisible and it is not clear in this case because we have a general verdict finding. And a hypothetical I would offer up to the court is what if the second page of verdict forms wasn't in this case? What if we just had the general verdict form with no specific findings? Then you'd have a better argument. Well, of course we'd have a better argument, but I would offer would that be unconstitutional? We've got to play what the cards are. Well, we can only look at the verdict form that says what it says. So what if we didn't have the page that you're relying on? If we had specific findings? We have exactly what we do have on the second page, the thing that we are relying on, where there seems to be a unanimous jury verdict on all three. I see my time is up. May I answer the question? Yes, I think you can. I think then when we have what we have, it's unclear whether or not the statute is divisible or not because there are indications in the indictment and in the instructions that the statute is indivisible. And granted, there are the special verdict forms that cut the other way, but we cannot say with certainty that the statute is divisible, so this court must treat it as if it is indivisible. Thank you. Can I, before you sit down, ask you one question? What is a killing with malice aforethought? A killing with malice aforethought is anything from an intentional killing down to a killing with reckless disregard for, you know, the value of human life and also a following murder. On that aspect would be malice includes recklessness. Yes, but I think the pending case in Manley would answer any of those, speak to any of those arguments regarding malice aforethought. What would do, I'm sorry, I didn't understand what your answer was. There's a pending case, Manley, that deals with, you know, whether recklessness suffices, the recklessness. What does it say? It hasn't been decided yet. It's before this court. All right, thank you. We'll hear from Mr. Henright. Thank you. I'm sorry. Good morning, Your Honor. May it please the court, Anthony Henright for the United States. The district court properly denied Richard Jackson's 2255 motion concluding that murder and aggravated sexual abuse qualify as crimes of violence under 924C. Can you pick up on where your colleague left off? It seemed to me he was saying that recklessness could satisfy the element necessary for first degree murder. Is that correct? No, Your Honor. First degree murder, murder with malice aforethought only is second degree murder, and I don't think there's any dispute here that the predicate offense was first degree murder. First degree murder is malice aforethought and an unlawful killing plus either premeditation and deliberation. Premeditation or? Premeditation and deliberation or one of the specified felonies. The killing occurred in furtherance of one of the specified felonies in the statute. Well, it has the statute incorporates the typical premeditated killing, which is understood most commonly as first degree murder, and it also includes the felony murder. Exactly. Which is the killing in connection with another felony. Exactly, Your Honor. And the fact that the statute incorporates both does not disqualify first degree premeditated murder as a crime of violence. This court held as much in Mathis, and even if this court goes beyond Mathis, the statute is divisible because premeditation is not only an alternative, but an alternative element to the felony murder rule. And to determine that, you look at the indicia of divisibility that this court has developed over and the Supreme Court have developed, summarized pretty thoroughly in its decision in Allred. I think we identified seven in our brief. Three that I think are the most significant are, first, that federal courts consistently treat them as distinct elements. This court, the Supreme Court, have both described them as elements, and the Supreme Court made clear that when a court uses the term element, what it means and what it says are the same. More importantly, this court has upheld, as have other courts, multiple convictions for multiple counts based on a single homicide. In Higgs, for example, there were three killings. In the defendant, this court upheld six capital sentences. Three for murder and furtherance of a kidnapping, and three for premeditated killing. That wouldn't be possible if those alternatives were not elements. That would violate Rutledge, that would violate Blockburg, because it's the same transaction. So each one must have a separate element for that to give rise to separate convictions. That means federal courts treat them consistently as separate elements. The decision the defense relies on Shad was the Supreme Court, but they were not interpreting the federal murder statute. They weren't even interpreting the Arizona statute. The Arizona Supreme Court had decided that, well, it's fine if six jurors agree that it's premeditation, and six jurors agree that it's murder and furtherance of a felony. The Supreme Court had clearly done that, and what the U.S. Supreme Court said was, well, that's a constitutional choice that the Arizona court made. It doesn't say anything about the federal statute. If anything, it says the opposite, because that court undertook to tally the jurisdictions that had made a similar choice, and it identified 11, and conspicuously absent from that list is federal murder under 1111. You read Shad as relying on the peculiarity of state law there. Yes, and I think Justice Souter's opinion, which is the plurality, says that explicitly. We don't have to decide that. That is the choice the Arizona courts made. It may be a constitutional choice, but it's not the only choice, and there's nothing against the background of years of treating them as separate offenses. There's nothing we have identified, and I can tell the defense has searched far and wide. There's nothing similar in federal law. I've not seen a decision. I've not seen a model jury instruction. I've not seen anything suggesting that you can prosecute somebody for murder under 1111 and have six jurors find premeditation and six jurors find an enumerated felony. I mean, it's difficult enough, because you have to find the elements of one of the enumerated felonies. The jury instructions are that way, too. That's one of the all-red factors. Jury instructions, some of them explicitly say these are the elements. Premeditation is an element and specifically referred to felony murder as a set of alternative elements. Some of them just give you one set in one chapter and another set in another chapter. None of those, none of the model jury instructions that I am aware of allow, even permit, a jury to issue a split verdict like that or to find first-degree murder based on a split verdict. Did you all raise this divisibility issue in the district court? We didn't, Your Honor, specifically say that it was divisible. We relied on this court's decision in Mathis. Do you agree that's the most important issue we have to deal with? I think so, Your Honor. There are certainly plenty of other defenses we have to this conviction if this court disagrees, but I think that's... Have you all waived it by not raising it in the district court? No, Your Honor, this court can affirm on any ground fairly... You didn't bring it up until you briefed the appeal. We didn't bring it up until we briefed the appeal that it was divisible. And that's really an alternative argument, Your Honor, because this court has held specifically in Irby and in Mathis that murder categorically qualifies as a crime of violence. I know, but that was when, that was before the Supreme Court had come out with its decision in Borden talking about what the intent must be. And so I don't think you can rely on those cases anymore. Well, the reason, Your Honor... As a general blessing. So, certainly, Your Honor, that's this court's decision, but the reason I would respectfully disagree is because Borden specifically says, you know, you have to do, it follows the same paradigm as Irby. It says, look, we have to remember we're interpreting the meaning of crime of violence and the rules are intended to distinguish between core violent crimes like murder. It specifically identified that as a core violent crime that's at the center of the term crime of violence and those lesser offenses. So I think Borden is right on point with Irby, and indeed it specifically endorses the idea of murder continuing to qualify. And I don't think... That's true, Your Honor. So it seems to me that it's hard to rely then on Irby, et cetera, that didn't incorporate that ruling from the Supreme Court in their analysis. That's fair, Your Honor, and I mean, it may be asking a lot, but I think this court and the Supreme Court have both treated murder as a special case. They have? They have. That was before Borden. Well, I think Borden does, too. You're saying that murder is an exception to Borden. Well, it's one recognized by Borden, because Borden says murder is a crime of violence. In its same analysis, talking about recklessness, and frankly, I just don't think the Supreme Court forgot about it. He says that's dicta, that's what you're talking about. I think it probably is dicta, Your Honor. It is part of the rationale for the court's discussion, but it also, I don't think the Supreme Court, and eight justices agreed with this point, because the dissent agreed, too. I don't think this is a. . . Agree with what point? That murder is a crime of violence. Well, it may be, but it can't be. Do you think that eight justices agreed that murder is a crime of violence, but that you don't have to do anything but say murder and you can have any mens re? No. No, I don't think they considered that point, Your Honor. They didn't really consider the point that you couldn't use recklessness. That's the whole, that's why they took the case in Borden. Certainly, Your Honor, and that's true. And the reason, Your Honor, we. . . I'm not even sure why you're here. I would think you would be talking to us about, I guess you have to answer Judge King's question why you didn't bring up whether this statute is divisible. Well, I do want to answer it with your point, Your Honor. We addressed the appeal after Borden. Okay, that's fair. Borden may have changed your view of what had earlier been said is categorically a crime of violence, no matter what the mens re was. It certainly gave us reason to discuss the issue further in more detail. The district judge ruled in that way, I think, in this case. The district judge ruled that they categorically qualify. Yes. Consistent with our prior law. Consistent with our prior authority. Yes, Your Honor. Which has been. . . Placed in doubt. Impacted. By Borden. It certainly requires a closer look. I understand. It requires a close look at the mens rea. Right. Yes, Your Honor. And I think, I don't think there's any dispute that the constituent parts of first degree murder meet that mens re requirement. Premeditation. Well, you know, first degree murder includes felony murder. It goes back to whether this is divisible or not. Premeditation murder. That's what I mean. Premeditation murder. I do think it's divisible. But that's why maybe you should talk about whether it's divisible or not. Certainly, Your Honor. We've just decided that Borden would at least impact some of the possible divisions. Certainly. I think the strongest points on that are that federal courts treat them as alternative elements consistently. Prosecutors charge them with different offenses. I think Your Honor has accepted a representation from us in all red. I also gave you a large stack of decisions in our brief where we've done that. You pick either premeditation or felony murder unless the exception to that is if you want to charge both and secure convictions on both. How is it charged here? What's that? How is it charged here? Premeditation was explicitly charged and felony murder was explicitly charged. Separately. Well, these were a single predicate or a group of predicates for a single 924-C. Your indictment in retrospect could have been improved upon. I'm sorry, Your Honor. I didn't hear that question. I said your indictment in retrospect probably could have been improved upon. Oh, yes. In many ways, Your Honor. But your verdict form was pretty good. Verdict form is pretty clear. It explicitly says – I do want to read it because I think – Did you try the case? Oh, no, Your Honor. They did a good job with that verdict form, I think. I think they did, Your Honor, and I've got to say I don't think anybody anticipated that murder would be – whether it was a crime of violence would be debatable. I do want to focus on that verdict form because there are a few things I disagree with my friend about. First, I'll read it because I think this is important. It says, the defendant, Richard Allen Jackson, committed the murder of Karen Stiles with malice aforethought, willfully, deliberately, maliciously, and with premeditation. I think that's about as clear as can be that the jury unanimously found premeditation. But I think the defense has the standard a bit wrong. This court held on it just a couple of weeks ago in Reed and also in Ali, which is a decision we cited, that the standard, if you have a question about which predicate the jury relied on in a 924c prosecution, the uncertainty about that wouldn't be enough. On a 2255, the defense has to show substantial or an injurious impact on the outcome. It might be a little different if you had that indictment and the jury rendered a general verdict of guilty. Yes, Your Honor. Don't you think? It would be different. I think that's the standard that you would look at, though, would be uncertainty wouldn't be enough. The defense would have the burden. This court held this in Reed just a couple of weeks ago. I don't know if I have the citation handy. It's recent. It was about Somali pirates, but I can't remember the citation. The question would be, can the defense meet a burden to show that the jury relied only on the infirm predicate? Here they can't do that. If this court concludes that the statute is divisible, I think it's as clear as can be under any standard. But in future indictments under 924C and J, you could readily have three counts in this case, or how many? Four counts. Four counts. One premeditated murder and then felony murder with respect to the different offenses. Yes, Your Honor. And you'd have four counts, and then the jury would be returning very clear verdicts on guilty or not guilty on those four counts. Yes, Your Honor. I can tell you from much experience we've significantly changed the way we charge 924C cases. Judge King says somebody had enough foresight to give this verdict form, which makes this one pretty clear in terms of what the jury did. I think that's true, Your Honor. In the Reed case, it was enough to show that the evidence was very strong. And here this court already called the evidence of murder overwhelming. Do we know if there were instructions to the jury on how to fill out the sheet where they checked all three? There were instructions. I'm a little fuzzy on the specific details. The defense is correct. There was an instruction that you can find either. There was an instruction the jury had to be unanimous, and then they were told you can find. And the defense says the instructions were flawed. He's saying that they're messed up. Well, I don't think so, Your Honor. I thought you'd say that, but I think maybe the question is whether the jury verdict fixes them. I think so, absolutely, to the extent there is. There's no question the jury had to find this unanimously because they did. It says that right here. We, the jury, unanimously fined. The defendant committed the murder with premeditation. I'm sorry. Go ahead. I was just going to say, in this case, we don't have to have blinders on, but the jury had facts that were about as egregious as you could have them. Yes, Your Honor. And they probably would have checked any box you asked them to check in view of these facts. Yes, Your Honor, and that is a relevant point. Well, I don't know if it's how relevant it is after Davis. You know, I would have said that a proof of the underlying felony would be part of the 924C crime, but as you know, the Supreme Court split on that recently, and so we have another complication there. Yes, Your Honor, I understand that, but even if this court determines that the offense is divisible, if this court goes to the next step of deciding what was the predicate offense the jury relied on, it can consider the overwhelming evidence to do that under this court held that specifically. I can give the court the citation of that case. I apologize for not having it. I wish you would give me the citation to the instructions that the district court gave with respect to this jury form. Oh, I apologize, Your Honor. I don't have that at the ready, and it's not part of the joint appendix. I will make them available. I think they're only available in paper, too, so I'll make them available to this court soon. Okay. I don't have the whole thing here, but my colleagues do. They're stronger. The instructions would be in the transcript, wouldn't they? They are in the transcript. What the judge said from the bench would be in the transcript of the proceeding. Yes, Your Honor, and I have those in a box. We didn't put them in the joint appendix. Right. They've got to be available. I mean, I'm not talking about what the written instructions supposedly were going to be that were handed up, but what the judge said from the bench to the jury. Yeah, I believe I have that in a transcript that I can get to this court, not at the moment, but soon. Right. Okay. Maybe you could do that, and maybe there are actually also some sort of other instructions. I don't know. Why don't you submit the jury instructions given by the court to the jury within 10 days? Certainly. Setting up for the panel. Okay. Certainly. Anything else? Well, we've discussed in some detail in our brief aggravated sexual abuse, and we've discussed what we think this court ought to do if it disagrees with us on the merits of those issues. But if this court, and I'm happy to answer any questions the court may have about any of those issues. If this court doesn't have any, I will yield the balance of my time to the court. All right. Thank you, Mr. Penright. Thank you, Your Honor. Mr. Childress. Thank you. Just a few points very quickly. Mr. Childress, before you start, do you have with you the instructions that the judge gave to the jury? I don't have them, but I can point you to pages 1246 and 47. I'd like the opportunity to point the court to some specific instructions that were given, because I know that- Those are the page numbers of the- Of the transcript. Yes. And shortly thereafter- Of the transcript, not the JA. The transcript. The record you're talking about. Yes, the record. The trial record. The trial record, yes. And the judge very specifically said, without question, he said for the general verdict form for murder, he instructed the jury that they did not have to agree on whether unanimously- He said it had to be committed with premeditation or during the course of a felony, consistent with the common law and consistent with SHAD. And the judge said, only after you've reached your general verdict, then do you move on to your special verdict. So the initial finding, the initial guilty finding of murder in this case mirrors SHAD. It mirrors the common law. Yes, but the point I am- That's good for you. That's fine. But what I'm interested in is what these check marks beside each one of these items means and whether the court instructed them on what they meant. The court- The instructions, I'll be honest, are not entirely clear to me. Okay. But to me, my interpretation of them is that they relate to the 924J finding because under 924J, to be punishable by death, a killing has to result that is a murder as defined in section 1111. So there's another murder finding in 924J in addition to the 924C finding. And that's what the specific verdict form relates to. Now, I will just again emphasize- You have to find a unanimous verdict on each of these check marks. Well, it doesn't say you have to. It says if you have, and then it says the jury says- We unanimously find. Yeah, we unanimously find. You would agree that the verdict was unanimous? Yes, Your Honor. I just reflected on the verdict sheet.  May I just answer that very quickly? Yes, of course. Again, I just want to emphasize that the reason we look at the indictment and the Shepard documents in this case is to make a determination of whether or not the crime of first-degree murder is indivisible. And if felony murder has been part of first-degree murder and not a separate crime since the common law, and since the Shepard documents don't speak plainly and they don't establish with certainty that it is divisible, then this court must treat it like it was under the common law as an indivisible statute. All right. Thank you very much. Can I ask you one question? Yes, of course. I notice you're with the Public Defender's Office in Philadelphia. How did you all end up in this case? Well, we're a community defender, so we have a large capital habeas unit, and because we're a community defender, we can take out-of-district appointments, and we represent a lot of people on federal death rows. You provide your special expertise above the level of the rest of the lawyer community. I don't know if I would say that. Well, I think that's the compliment you get. You all are to be commended. I want to say what we would do now is come down and greet you, and we'd probably spend some time with you in thanking you for your representation. This is an important case. It's a difficult case, and we appreciate your arguments on it. It's the same with the government. As you know, the tradition in our court is to come down and shake hands, and we're still enforcing the protocols that we've had for in-court hearings, which is a mask and not shaking hands and that type of thing. But many thanks for your arguments, and good job, and we'll proceed on to the next case. Thank you. Thank you, Your Honor. All right. I'll call the first case this morning, the United States v. Jackson and Mr. Childress. Whenever you're ready, we'll hear from you. Good morning. May it please the Court. Andrew Childress on behalf of Appellant Richard Jackson. We're here today on the appeal of the denial of Mr. Jackson's success. We're across the room, so you'll want to speak as you're talking to the back of the class. Yes, sir. We're here today on the appeal of the denial of Mr. Jackson's success of 2255 motion. And this case really boils down to two questions, and those two questions are whether federal first-degree murder under 18 U.S.C. section 111-1A qualifies as a crime of violence under the force clause, and the same question for the aggravated sexual abuse statute in federal law. And neither of these statutes qualify under the limited definition of the force clause, and that's because neither requires the use of force against the person or property of another as an element of the crime. And that's because both statutes are written broadly to encompass a wide array of conduct that the federal government is interested in punishing, and the force clause only covers a narrow class of crimes. Murder is not a crime of violence because first-degree murder encompasses felony murder. As we know from the recent United States Supreme Court decision in Borden v. United States, a crime of violence requires a mens rea greater than recklessness, and felony murder can be committed even accidentally. And the fact that felony murder can be committed accidentally means that it does not require the level of mens rea required of a crime of violence under the force clause. Was there a lot at Borden case? Is that what you think saved you? The Borden case, I think the Borden case is directly on point here. I think even before the Borden case, the Fourth Circuit, this court's precedent was aligned with Borden and recognized that there had to be a heightened mens rea. I thought the court in Borden said murder was a quintessential crime of violence. There is dicta in Borden that says it. It's not the holding of Borden. The holding of Borden focuses on recklessness, but distinct from that discussion of recklessness, it made a comment that murder was a quintessential crime of violence. I think that's right in the sense that we normally understand murder, but we have to look at the specific murder statute at issue in this case. But it can be committed in different ways. Do we get to look at the different ways? Isn't this divisible? Again, yes. The government does not argue that felony murder is a crime of violence. The government argues that the statute is divisible. Why don't you address that argument? Of course. So the statute is not divisible. It's an indivisible statute of first-degree murder because ever since the common law, felony murder has been understood to be one way of supplying the heightened mens rea necessary for murder. The common law was incorporated into the federal murder statute along with several other states. The United States Supreme Court discussed this in Shad v. Arizona. Shad v. Arizona is the closest case we have. It's not directly on point. It doesn't address the divisibility of the federal murder statute, but it addresses a very similar statute. And what it says is that these murder statutes in the majority of states and the federal murder statute were written to incorporate the common law. And the common law understanding and the understanding of the law in 11 out of 12 of the 12 state statutes discussed in Shad is that felony murder is a means of committing first-degree murder. If you were talking to a jury, instructing a jury about what to find under felony murder, you would not need to say that the killing was premeditated. You would only need to say that the killing was committed in perpetration of arson or escape. But if you were instructing the jury on the first thing, you would have to say the person premeditated. It was a premeditated killing, which is a different element. And so the elements are clearly the first line is perpetrated by A, B, C, and D, and willful, deliberate, malicious, and premeditated killing. So the premeditated aspect is necessary for that definition of murder, but it is not necessary for the felony murder. So wouldn't we divide it then into two, because it has different elements, divide it into two crimes? Well, I think the key distinction is whether a jury is required to find. What I would describe what you just… But here the jury did find. It was given alternatives. It found all of them against your client. That's true, but initially, actually the way the jury was instructed in this case… They did a good job, but that jury verdict form looked me like… Judge Niemeyer's question in that the jury was initially, for the 924C general verdict finding, the elements of felon was instructed on both felony murder and premeditated murder, and it was not required to make a unanimous finding on one way or the other. And that's the key issue here. Sure, a jury can be instructed on different means of finding a certain element, but for federal first-degree murder, there is a heightened mens rea element that takes the murder from general, you know, second-degree murder into a heightened category of first-degree murder with an additional mens rea element. And Shad makes clear that that additional element is all the ways of committing first-degree murder listed in the statute. The question that I thought we were asking you to address is whether it's divisible, and one way to look at whether it's divisible is whether the different components have different elements, as opposed to different means. And I was just asking you the question of when I'm now looking at 1111A, the first component requires premeditation. The second component does not, but it requires something else, the perpetuation of arson or escape or whatever the crimes are listed. So the first one doesn't require showing a perpetration of arson, so the elements are different. And it seems to me that would be one of the ways to determine whether to divide a statute, isn't it? Well, so the key distinction between elements and means is what has to be found beyond a reasonable doubt unanimously by a jury. And those are different. That sort of begs the question. If it is a different element, then you're going to have – each element has to be found by a jury. But the question is to look at the statute and determine whether there are different elements for the different components. Would you agree those are elements? No, I believe they're different means of committing the heightened – of supplying the heightened mens rea necessary. Do you agree that that's the biggest issue in this case? Yes, I do agree with that. Whether this statute is divisible or not. Yes, that's right. I do believe that the biggest issue in this case is whether the first-degree murder statute is divisible or not. Okay, and so explain to us now why it isn't divisible. It's not divisible because in Shad, the Supreme Court said a very similar, almost identical first-degree murder statute said that it was okay for a jury to convict a first-degree murder without unanimously agreeing on a felony murder means or a premeditated murder means. Here they did agree. In Shad? Here they did agree. We know that. Whether we can look at it or not, but we know that because that's what the verdict was. Well, that's true. They agreed on the verdict unanimously, and they agreed in the verdict as to each of these subparts unanimously. That's what the verdict says. That's true, but we're not talking about what the jury unanimously – we're talking about whether the statute is indivisible or divisible. No, but that's right, and that's what Judge Motz asked you, but you said they weren't required to agree, and they were required to agree, and they did agree unanimously that this was a premeditated murder. The question is whether we can look at it under the law. That is, whether it's divisible or not. You can only take a peek. There's no question that they found that it's a premeditated murder, and they found it unanimously. That's no question, but you can only take a look at the verdict forms in this case for the limited – That's what you have to convince us of, that we can't look at that verdict form. No, and that's right, and you can't look at that verdict form because you can only look at it for the determination of whether the statute in general is divisible or indivisible, and to make that determination. Once you make that determination, then you go back to the categorical approach and analyze this case under whatever decision you make with regards to whether it's divisible or indivisible, and I would say – I heard those words, but I didn't understand how that related to this case. In other words, what do you propose that we are supposed to be doing if we're trying to decide whether this statute is divisible, and whether it was properly applied in this case, or under a divisible statute, the jury properly found first-degree murder? The first thing you look at to determine if the statute is divisible or indivisible is the text of the statute, and the next thing is the decisional law. And I think SHAD makes clear that this kind of first-degree murder statute is indivisible because this kind of first-degree murder statute lists means and ways of committing first-degree murder rather than separate elements, and the Supreme Court said as much in SHAD. The Supreme Court cited SHAD in Mathis when it was discussing what are means, and just yesterday this court cited SHAD for the concept of this distinction between means and elements of a crime. And the ACCA case came out yesterday. Yes, that's right. The Wooden case. And you think that helps you? Well, I think it cited Justice Scalia's concurrence in SHAD that, you know, and he said it's long been recognized that even when there are different ways or means of committing a single crime, the jury does not have to agree on the way the crime was committed. It just has to agree that the crime was committed. Well, that sort of begs the question. We know if it's different means. The Supreme Court said you can commit a single crime by different means, but when there's different elements for commission of crimes, they've said that that makes it divisible. And if you charged, in this case, if you charged a defendant with killing someone while attempting to commit arson, that would be a felony murder charge. You wouldn't need to show premeditation. You would have to show an attempt to commit arson, and you'd have to show a killing. But if the government charged the defendant with premeditated killing with malice aforethought, they wouldn't allege the arson, and they would have to allege premeditation, which are different elements to be proved by the government. In response to that, I think the hypothetical, which actually happened… Well, I'm trying to focus on the statute. I just really restated the statute. Well, it's also possible to charge a defendant generally with a violation of murder, first-degree murder under the statute, and to instruct the jury on both felony murder and premeditated murder. The charge just cites the statute. You'd charge them with all three of the alternatives, and you would instruct the jury, and you would give them the verdict form with the interrogatory as to each of the three alternative elements, sub-elements, or whatever you want to call them, or means. That's what you need to say. But then the jury could say no on premeditation and yes on felony murder, or yes on aggravated sexual assault, or no, or whatever. But here they said yes as to all of them, each of them. Not just generally all of them, but each of them. No than the verdict form. They said each. And so the jury found unanimously he committed a premeditated murder. And the facts are, it's a terrible, terrible situation. Yes, Your Honor, but we know the facts are irrelevant in this categorical approach. But they're here. I would also just point out that the findings… These cases have been here before. Yes, Your Honor, but the findings that you keep mentioning are the special verdict form, the second sheet of the verdict forms. The first verdict sheet, the general verdict sheet, follows the indictment in this case. The indictment in this case charged Mr. Jackson only with murder generally. It did not select… That charges him with all three. And that charges him with all three parts. But in this case… You charge basically in the conjunctive. You give him notice. But then you instruct in the alternative and ask the jury specifics. And they made a perfect jury for him here, I think. And they asked him each question, and the jury answered them all against your client. The Supreme Court has said in this comp that generally if a statute lists elements, a prosecutor has to choose which one of the elements it is charging under. Here… They charged under all of them. They charged under all of them, and the jury found under all of them. They charged under first degree murder generally. They charged under the murder statute generally. And if you look at the instructions on page 1244 and 1246 to 47, we have two findings in this case. We have a 924C finding and a 924J finding. And for the 924C finding, the jury was instructed the way the instructions read in this case. They did not have to agree unanimously on felony murder or premeditated murder. They were instructed on both, and the element of murder, the judge said that you have to find that it was either premeditated or committed in the course of a felony. And then the finding related to those instructions are on that first page, the general verdict form in this case. And it's a general finding, not of any specific kind of first degree murder. It's a finding of first degree murder generally. And they found specifically as to each of them, and they said yes. It is true that the jury was… Absolutely specifically, and they found that entire verdict unanimously. And that's related to the 924J instructions. The finding, because to be convicted of 924J, it has to be a death occurring during the commission of a 924C. But all that comes down, you have to convince us of your alternative means rather than alternative elements. That's right. That's right. The alternative elements you lose. And for alternative means, you may be entitled to something. If they're alternative means, we certainly win. If they're alternative elements, it's more difficult for us to win, but we still win because the Shepard documents have to speak plainly and establish with certainty, as the Supreme Court has said in Mathis all the way back to Taylor, it has to be absolutely clear from the Shepard documents that the statute is divisible. And it is not clear in this case because we have a general verdict finding. And a hypothetical I would offer up to the court is what if the second page of verdict forms wasn't in this case? What if we just had the general verdict form with no specific findings? Then you'd have a better argument. Well, of course we'd have a better argument, but I would offer would that be unconstitutional? Would that be, because... But we've got to play what the cards are. But, well, we can only look at... The verdict form that says what it says. So what if we didn't have the page that you're relying on? If we didn't have the page, if we had specific findings? We have exactly what we do have on the second page, the thing that we are relying on, where there seems to be a unanimous jury verdict on all three. I see my time is up. May I answer the question? Yes, I think you can. I think then when we have what we have, it's unclear whether or not the statute is divisible or not, because there are indications in the indictment and in the instructions that the statute is indivisible, and granted there are the special verdict forms that cut the other way, but we cannot say with certainty that the statute is divisible, so this court must treat it as if it is indivisible. Thank you. Can I, before you sit down, ask you one question? What is a killing with malice of forethought? A killing with malice of forethought is anything from an intentional killing down to a killing with reckless disregard for the value of human life and also a felony murder. So your argument on that aspect would be malice includes recklessness? Yes, but I think the pending case in Manly would answer any of those, speak to any of those arguments regarding malice of forethought. What would do? I'm sorry, I didn't understand what your answer was. There's a pending case in Manly that deals with whether recklessness suffices. What does it say? It hasn't been decided yet. It's before this court. All right. Thank you. We'll hear from Mr. Enright. Thank you. I'm sorry. Good morning, Your Honor. May it please the court, Anthony Enright for the United States. The district court properly denied Richard Jackson's 2255 motion concluding that murder and aggravated sexual abuse qualify as crimes of violence under 924C. Can you pick up on where your colleague left off? It seemed to me he was saying that recklessness could satisfy the element necessary for first-degree murder. Is that correct? No, Your Honor. First-degree murder, murder with malice of forethought only is second-degree murder, and I don't think there's any dispute here that the predicate offense was first-degree murder. First-degree murder is malice of forethought and an unlawful killing plus either premeditation and deliberation. Premeditation or? Premeditation and deliberation or one of the specified felonies. The killing occurred in furtherance of one of the specified felonies in the statute. Well, the statute incorporates the typical premeditated killing, which is understood most commonly as first-degree murder, and it also includes the felony murder concept, which is the killing in connection with another felony. Exactly, Your Honor, and the fact that the statute incorporates both does not disqualify first-degree premeditated murder as a crime of violence. This court held as much in Mathis, and even if this court goes beyond Mathis, the statute is divisible because premeditation is an alternative, not only an alternative, but an alternative element to the felony murder rule, and to determine that, you look at the indicia of divisibility that this court has developed over and the Supreme Court has developed, summarized pretty thoroughly in its decision in Allred. I think we identified seven in our brief. Three that I think are the most significant are, first, that federal courts consistently treat them as distinct elements. This court, the Supreme Court, have both described them as elements, and the Supreme Court made clear that when a court uses the term element, what it means and what it says are the same. More importantly, this court has upheld, as have other courts, multiple convictions for multiple counts based on a single homicide. In Higgs, for example, there were three killings, and the defendant, this court, upheld six capital sentences. Three for murder and furtherance of a kidnapping, and three for premeditated killing. That wouldn't be possible if those alternatives were not elements. That would violate Rutledge, that would violate Blockburg, because it's the same transaction. So each one must have a separate element for that to give rise to separate convictions. That means federal courts treat them consistently as separate elements. The decision the defense relies on shad was the Supreme Court, but they were not interpreting the federal murder statute. They weren't even interpreting the Arizona statute. The Arizona Supreme Court had decided that, well, it's fine if six jurors agree that it's premeditation, and six jurors agree that it's murder and furtherance of a felony. The Supreme Court had clearly done that, and what the U.S. Supreme Court said was, well, that's a constitutional choice that the Arizona court made. It doesn't say anything about the federal statute. If anything, it says the opposite, because that court undertook to tally the jurisdictions that had made a similar choice, and it identified 11, and conspicuously absent from that list is federal murder under 1111. So you read shad as relying on the peculiarity of state law there. Yes, and I think Justice Souter's opinion, which is a plurality, said that explicitly. You know, we don't have to decide that. That is the choice the Arizona courts make. It may be a constitutional choice, but it's not the only choice, and there's nothing, against a background of years of treating them as separate offenses, there's nothing we have identified, and I can tell the defense has searched far and wide. There's nothing similar in federal law. I've not seen a decision. I've not seen a model jury instruction. I've not seen anything suggesting that you can prosecute somebody for murder under 1111 and have six jurors find premeditation and six jurors find an enumerated felony. I mean, it's difficult enough, because you have to find the elements of one of the enumerated felonies. And the jury instructions are that way, too. That's one of the all-red factors. Jury instructions, some of them explicitly say these are the elements, premeditation is an element, and specifically refer to felony murder as a set of alternative elements. Some of them just give you one set in one chapter and another set in another chapter. None of those, none of the model jury instructions that I am aware of allow, even permit, a jury to issue a split verdict like that or to find first-degree murder based on a split verdict. Did you all raise this divisibility issue in the district court? We didn't, Your Honor, specifically say that it was divisible. We relied on this court's decision in Mathis. Do you agree that's the most important issue we have to deal with? I think so, Your Honor. A controlling issue. There are certainly plenty of other defenses we have to this conviction if this court disagrees, but I think that's... Have you all waived it by not raising it in the district court? No, Your Honor, this court can affirm on any ground fairly... You didn't bring it up until you briefed the appeal. We didn't bring it up until we briefed the appeal that it was divisible. And that's really an alternative argument, Your Honor, because this court has held specifically in Irby and in Mathis that murder categorically qualifies as a crime of violence. I know, but that was when, that was before the Supreme Court had come out with its decision in Borden talking about what the intent must be. And so I don't think you can rely on those cases anymore. Well, the reason, Your Honor... As a general blessing. So, certainly, Your Honor, that's this court's decision. But the reason I would respectfully disagree is because Borden specifically says, you know, you have to do, it follows the same paradigm as Irby. It says, look, we have to remember we're interpreting the meaning of crime of violence. And the rules are intended to distinguish between core violent crimes like murder. It specifically identified that as a core violent crime that's at the center of the term crime of violence and those lesser offenses. So I think Borden is right on point with Irby. And, indeed, it specifically endorses the idea of murder continuing to qualify. And I don't think... That's true, Your Honor. So it seems to me that it's hard to rely then on Irby, et cetera, that didn't incorporate that ruling from the Supreme Court in their analysis. That's fair, Your Honor. And, I mean, it may be asking a lot, but I think this court and the Supreme Court have both treated murder as a special case. They have? They have. That was before Borden. Well, I think Borden does, too. So you're saying that murder is an exception to Borden? Well, it's one recognized by Borden because Borden says murder is a crime of violence. In its same analysis, talking about recklessness, and, frankly, I just don't think the Supreme Court forgot about it. He says that's dicta. That's what you're talking about. I think it probably is dicta, Your Honor. It is part of the rationale for the court's discussion. But it also, I don't think the Supreme Court, but eight justices agreed with this point because the defense agreed, too. I don't think the Supreme Court. Agree with what point? That murder is a crime of violence. Well, it may be, but it can't be. Do you think that eight justices agreed that murder is a crime of violence but that you don't have to do anything but say murder and you can have any mens re? No. No, I don't think they considered that point, Your Honor. They didn't really consider the point that you couldn't use recklessness. That's the whole whole. That's why they took the case in Borden. Certainly, Your Honor, and that's true. And the reason, Your Honor, we. . . I'm not even sure why you're here. I would think you would be talking to us about. . . I guess you have to answer Judge King's question why you didn't bring up whether this statute is divisible. Well, I do want to answer it with your point, Your Honor. We addressed the appeal after Borden. Okay, that's fair. Borden may have changed your view of what had earlier been said is categorically a crime of violence, no matter what the mens re was. It certainly gave us reason to discuss the issue further and in more detail. The district judge ruled in that way, I think, in this case. The district judge ruled that they categorically qualify. Yes, Your Honor. It's consistent with our prior law. It's consistent with our prior authority. Yes, Your Honor. Which has been. . . Placed in doubt. Impacted. By Borden. It certainly requires a closer look. I understand that. It requires a close look at the mens rea. Right. Yes, Your Honor. And I don't think there's any dispute that the constituent parts of first-degree murder meet that mens rea requirement. Premeditation. Well, you know, first-degree murder includes felony murder. It goes back to whether this is divisible or not. Premeditation. That's what I mean. Premeditation murder. I do think it's divisible. That's why maybe you should talk about whether it's divisible or not. Certainly, Your Honor. We've just decided that Borden would at least impact some of the possible divisions. Certainly. I think the strongest points on that are that federal courts treat them as alternative elements consistently. Prosecutors charge them with different offenses. I think Your Honor has accepted a representation from us in all red. I also gave you a large stack of decisions in our brief where we've done that. You pick either premeditation or felony murder unless the exception to that is if you want to charge both and secure convictions on both. How is it charged here? What's that? How is it charged here? Premeditation was explicitly charged and felony murder was explicitly charged. Separately. Well, these were a single predicate or a group of predicates for a single 924-C. Your indictment in retrospect could have been improved upon. I'm sorry, Your Honor. I didn't hear that question. Your indictment in retrospect probably could have been improved upon. Oh, yes. In many ways, Your Honor. But your verdict form is pretty good. The verdict form is pretty clear. It explicitly says – I do want to read it because I think – Did you try the case? Oh, no, Your Honor. They did a good job with that verdict form, I think. I think they did, Your Honor. And I've got to say, I don't think anybody anticipated that murder would be – whether it was a crime of violence would be debatable. I do want to focus on that verdict form because there are a few things I disagree with my friend about. First, I'll read it because I think this is important. It says, the defendant, Richard Allen Jackson, committed the murder of Karen Stiles with malice aforethought, willfully, deliberately, maliciously, and with premeditation. I think that's about as clear as can be that the jury unanimously found premeditation. But I think the defense has the standard a bit wrong. This court held just a couple of weeks ago in Reed and also in Ali, which is a decision we cited, that the standard, if you have a question about which predicate the jury relied on in a 924c prosecution, the uncertainty about that wouldn't be enough. On a 2255, the defense has to show substantial or an injurious impact on the outcome. Well, it might be a little different if you had that indictment and the jury rendered a general verdict of guilty. Yes, Your Honor. Don't you think? It would be different. I think that's the standard that you would look at, though. Uncertainty wouldn't be enough. The defense would have the burden. This court held this in Reed just a couple of weeks ago. I don't know if I have the citation handy. It's recent. It was about Somali pirates, but I can't remember the citation. The question would be, can the defense meet a burden to show that the jury relied only on the infirm predicate? Here they can't do that. If this court concludes that the statute is divisible, I think it's as clear as can be under any standard. But in future indictments under 924C and J, you could readily have three counts in this case, or how many? Four counts. Four counts. One premeditated murder and then felony murder with respect to different offenses. Yes, Your Honor. And you'd have four counts, and then the jury would be returning very clear verdicts on guilty or not guilty on those four counts. Yes, Your Honor, and I can tell you from much experience we've significantly changed the way we charge 924C cases. Judge King says somebody had enough foresight to give this verdict form, which makes this one pretty clear in terms of what the jury did. I think that's true, Your Honor. In the Reed case, it was enough to show that the evidence was very strong. And here this court already called the evidence of murder overwhelming. Do we know if there were instructions to the jury on how to fill out the sheet where they checked all three? There were instructions. I'm a little fuzzy on the specific details. The defense is correct. There was an instruction that you can find either. There was an instruction the jury had to be unanimous, and then they were told you can find. And the defense says the instructions were flawed. Are you saying that they're messed up? Well, I don't think so, Your Honor. I thought you'd say that, but I think maybe the question is whether the jury verdict fixes them. I think so, absolutely, to the extent there is. There's no question the jury had to find this unanimously because they did. It says that right here. We, the jury, unanimously find the defendant committed the murder with premeditation. I was just going to say, in this case, we don't have to have blinders on, but the jury had facts that were about as egregious as you could have them. Yes, Your Honor. And they probably would have checked any box you asked them to check in view of these facts. Yes, Your Honor, and that is a relevant point. Well, I don't know if it's how relevant it is after Davis. I would have said that a proof of the underlying felony would be part of the 924C crime, but as you know, the Supreme Court split on that recently, and so we have another complication there. Yes, Your Honor, I understand that, but even if this court determines that the offense is divisible, if this court goes to the next step of deciding what was the predicate offense the jury relied on, it can consider the overwhelming evidence to do that under Reed. This court held that specifically. I can give the court the citation of that case. I apologize for not having it. I wish you would give me the citation to the instructions that the district court gave with respect to this jury form. Oh, I apologize, Your Honor. I don't have that at the ready, and it's not part of the joint appendix. I will make them available to the court. I think they're only available in paper, too, so I'll make them available to this court soon. Okay. I don't have the whole thing here, but my colleagues do. They're stronger. The instructions would be in the transcript, wouldn't they? They are in the transcript. What the judge said from the bench would be in the transcript of the proceeding. Yes, Your Honor, and I have those in a box. We didn't put them in the joint appendix, too. They've got to be available. I mean, I'm not talking about what the written instructions supposedly were going to be that were handed up, but what the judge said from the bench to the jury. Yes, I believe I have that in a transcript that I can get to this court, not at the moment, but soon. Right, okay. Maybe you could do that, and maybe there are actually also some sort of other instructions. I don't know. Why don't you submit the jury instructions given by the court to the jury within 10 days? Certainly. Good enough for the panel. Okay. Certainly. Anything else? Well, we've discussed in some detail in our brief aggravated sexual abuse, and we've discussed what we think this court ought to do if it disagrees with us on the merits of those issues. But if this court – and I'm happy to answer any questions the court may have about any of those issues. If this court doesn't have any, I will yield the balance of my time to the court. All right. Thank you, Mr. Conrad. Thank you, Your Honor. Mr. Childress. Thank you. Just a few points very quickly. Mr. Childress, before you start, do you have with you the instructions that the judge gave to the jury? I don't have them, but I can point you to pages 1246 and 1247. I'd like the opportunity to point the court to some specific instructions that were given, because I know that – Those are the page numbers of the – Of the transcript. Yes. And shortly thereafter – Of the transcript, not the JS. The transcript. The record you're talking about. Yes, the record. The trial record. The trial record, yes. And the judge very specifically said, without question, he said for the general verdict form for murder, he instructed the jury that they did not have to agree on whether unanimously – He said it had to be committed with premeditation or during the course of a felony, consistent with the common law and consistent with SHAD. And the judge said, only after you've reached your general verdict, then do you move on to your special verdict. So the initial finding, the initial guilty finding of murder in this case mirrors SHAD. It mirrors the common law. Yes, but the point I'm – that's, you know, good for you. That's fine. But what I'm interested in is what these check marks beside each one of these items means and whether the court instructed them on what they meant. The court – the instructions, I'll be honest, are not entirely clear to me. Okay. But to me, they – my interpretation of them is that they relate to the 924J finding because under 924J, to be punishable by death, a killing has to result that is a murder as defined in Section 1111. So there's another murder finding in 924J in addition to the 924C finding, and that's what the specific verdict form relates to. Now, I will just again emphasize – The form itself says you have to find a unanimous verdict on each of these check marks. Well, it doesn't say you have to. It says if you have, and then it says the jury says unanimously. We unanimously find. Yeah, we unanimously find. You would agree that the verdict was unanimous? Yes, Your Honor. I was reflecting on the verdict sheet. My time is up. May I just answer that very quickly? Yes, of course. Again, I just want to emphasize that the reason we look at the indictment and the Shepard documents in this case is to make a determination of whether or not the crime of first-degree murder is indivisible. And felony murder has been part of first-degree murder and not a separate crime since the common law, and since the Shepard documents don't speak plainly and they don't establish with certainty that it is divisible, then this court must treat it like it was under the common law as an indivisible statute. All right. Thank you very much. May I ask you one question? Yes, of course. I noticed you were with the Public Defender's Office in Philadelphia. How did you all end up in this case? Well, we're a community defender, so we have a large capital habeas unit, and because we're a community defender, we can take out-of-district appointments, and we represent a lot of people on federal death row. You provide your special expertise above the level of the rest of the lawyer community. I don't know if I would say that. Well, I think that's a compliment you get. You all will be commended. I want to say what we would do now is come down and greet you, and we'd probably spend some time with you in thanking you for your representation. This is an important case. It's a difficult case, and we appreciate your arguments on it. As you know, the tradition in our court is to come down and shake hands, and we're still enforcing the protocols that we've had for in-court hearings, which is a mask and not shaking hands and that type of thing. But many thanks for your arguments, and good job, and we'll proceed on to the next case. Thank you. Thank you, Your Honor.
judges: Paul V. Niemeyer, Diana Gribbon Motz, Robert B. King